| | | | | |
|---|---|---|---|---|
| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | | |
| CASE NUMBER | 02 C 9179 | DATE | 9/2/2003 | |
| CASE TITLE | WALTER UNDERWOOD, et al. vs. THE FAIRMONT HOTEL | | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due ___ ___.
(3) ☐ Answer brief to motion due___ ___. Reply to answer brief due___ ___.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on ___ ___ set for ___ ___ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on ___ ___ at ___ ___.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]   Defendant's motion for summary judgment [12-1] is granted. ENTER MEMORANDUM OPINION AND ORDER.

*Suzanne B. Conlon*

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| ✓ | Notices mailed by judge's staff. | SEP 0 3 2003 | |
| | Notified counsel by telephone. | date docketed | 22 |
| | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 9/2/2003 date mailed notice | |
| CB | courtroom deputy's initials | | pw mailing deputy initials |

U.S. DISTRICT COURT CLERK
03 SEP -2 PM 12:51
FILED FOR DOCKETING
Date/time received in central Clerk's Office

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

WALTER UNDERWOOD, NICK )
VELISAROPOULOS, NICK GIANNOS, )
DOMINGO SOTO, SAVVAS BETONDO ) No. 02 C 9179
and ANICETO RECENDIZ, )
) Suzanne B. Conlon, Judge
Plaintiffs, )
)
v. )
)
THE FAIRMONT HOTEL, )
)
Defendant. )

DOCKETED
SEP 03 2003

## MEMORANDUM OPINION AND ORDER

Walter Underwood ("Underwood"), Nick Velisaropoulos ("Velisaropoulos"), Nick Giannos ("Giannos"), Domingo Soto ("Soto"), Savvas Betondo ("Betondo") and Aniceto Recendiz ("Recendiz") (collectively, "plaintiffs") sue The Fairmont Hotel ("the Fairmont") for age discrimination in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq*. Betondo and Recendiz previously dismissed their claims with prejudice. The Fairmont moves for summary judgment on the remaining plaintiffs' claims pursuant to Fed. R. Civ. P. 56.

## BACKGROUND

### I. Local Rule 56.1

Local Rule 56.1 requires both the moving and non-moving parties to submit a statement of material facts, including "specific references to the affidavits, parts of the record, and other supporting materials relied upon." Local Rule 56.1(a)(3); Local Rule 56.1(b)(3)(B). Evidence submitted at summary judgment must be admissible at trial under the Federal Rules of Evidence. *Woods v. City of Chicago*, 234 F.3d 979, 988 (7th Cir.2000). All facts not properly supported by the record evidence must be disregarded. *Brasic v. Heinemann's Inc.*, 121 F.3d 281, 284 (7th Cir.1997).

Paragraphs 3, 10 and 31 of plaintiffs' statement of facts are premised on inadmissible hearsay. In each paragraph, plaintiffs relay purported statements of other employees about purported

1

statements of their supervisor. Inadmissible hearsay cannot be considered on summary judgment. *Eisenstadt v. Centel Corp.*, 113 F.3d 738, 741 (7th Cir.1997). Therefore, these facts must be disregarded.

## II. Facts

The following facts are undisputed unless otherwise noted. Plaintiffs, who are over 40 years old, currently work at the Fairmont as full-time banquet servers. The Fairmont supplements its full-time staff by scheduling on-call servers when necessary. As banquet servers, plaintiffs set up for banquet functions, serve guests, maintain the banquet area and clean up after a function. Since September 2001, plaintiffs have been supervised by the director of banquet operations, Tim Grob ("Grob").

In January or February 2002, Underwood asked Grob why he was scheduling the full-time servers to perform set up and clean up duties. Grob told Underwood, "If you are too old or physically unable to do the job, you could look for work somewhere else or become a part-time worker." Pl. Facts at ¶ 4. In March or April 2002, Underwood approached Grob again about the scheduling of set up and clean up duties. Grob told Underwood, "If you're too old to do the job, you can look for work somewhere else." *Id.* at ¶ 5. On another occasion, Grob told Underwood, "If you're too old to keep up, you'll need to take some vacation time." *Id.* at ¶ 6. Around the same time, banquet manager William Walker ("Walker") told Underwood, "you old guys, if you can't keep up, you need to look for work somewhere else. This job is for younger people." *Id.* at ¶ 7.

In 2002, Fairmont general manager Kevin Frid ("Frid") told Underwood that "senior people have trouble adjusting to change." *Id.* at ¶ 11. At a wedding ceremony, Walker told Underwood, "I hear you complaining, but I don't see anybody quitting yet." *Id.* at ¶ 8. In response to Underwood's inquiry regarding the music played by the Fairmont, food and beverage director Andre Zotoff ("Zotoff") told Underwood that "the Hotel was trying to project a younger image." *Id.* at ¶ 12.

2

Shortly after Grob's hire in September 2001, Velisaropoulos claims Grob told him, "I thought you were much older than that." *Id.* at ¶ 17. In early 2002, Velisaropoulos met with Grob to discuss scheduling and Grob said, "don't you think because you are old you are going to have a better schedule than the other people." *Id.* at ¶ 18. Before a server meeting in early 2002, Grob told Velisaropoulos, "if you old guys are unable to do the assignment, you can go to the [on-call] list." *Id.* at ¶ 20. Sometime in 2002, Frid told Velisaropoulos, "the truth is the old and senior people, they cannot adjust to the new system we are trying to enforce." *Id.* at ¶ 21. According to Velisaropoulos, Grob told him during a meeting, "I don't want no more old people in my meeting." *Id.* at ¶ 22.

In approximately January or February 2002, Grob told Giannos, "if you're too old to do the job, go to the [on-call] list." *Id.* at ¶ 25. On another occasion, Giannos claims that Grob told him, "if you are old, stay home," and "if you are old, why don't you quit." Def. Facts at ¶ 69. According to Giannos, Zotoff told him that the Fairmont wanted "new blood." Pl. Facts at ¶ 27. On one occasion, Grob told Soto, "don't think because you are old, you are going to get better treatment than young people." *Id.* at ¶ 30.

Human resources director Sean Billings ("Billings") met with Underwood "many, many times" regarding his scheduling complaints. *Id.* at ¶ 42. Despite these meetings, Underwood never complained to Billings about any age-related comments. Underwood Dep. at p. 171. Underwood was aware of the Fairmont's harassment policy, but did not file an internal complaint.

Velisaropoulos complained to Billings approximately twenty times regarding scheduling and discipline. Giannos similarly discussed his concerns regarding scheduling and pay with Billings on approximately four to five occasions. Billings also discussed scheduling with Soto. In late February and early March 2002, plaintiffs filed discrimination charges with the Equal Employment Opportunity Commission, alleging age discrimination based on disparate treatment and age-related comments.

3

## DISCUSSION

### I. Standard of Review

Summary judgment is appropriate when the moving papers and affidavits show there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Once a moving party has met its burden, the non-moving party must go beyond the pleadings and set forth specific facts showing there is a genuine issue for trial. Fed. R. Civ. P. 56(c); *Silk v. City of Chicago*, 194 F.3d 788, 798 (7th Cir. 1999). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The summary judgment standard is applied with special scrutiny to employment discrimination cases because the outcome may depend on determinations of credibility and intent. *Michas v. Health Cost Controls of Illinois*, 209 F.3d 687, 692 (7th Cir. 2000).

### II. Plaintiffs' Age Discrimination Claims

The ADEA makes it "unlawful for an employer . . . to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). Plaintiffs may prove age discrimination through either direct or indirect evidence. *Robin v. ESPO Engineering Corp.*, 200 F.3d 1081, 1088 (7th Cir. 2000). Under either approach, plaintiffs must show they suffered a materially adverse employment action. *Haugerud v. Amery School District*, 259 F.3d 678, 691 (7th Cir. 2001).

Plaintiffs claim they were subject to a hostile work environment severe and pervasive enough to constitute to an adverse employment action.[1] Harassment can rise to the level of an adverse employment action if it is severe enough to cause a significant change in the plaintiff's employment

---

[1] In their response, plaintiffs base their age discrimination claims entirely on a hostile work environment theory. To the extent plaintiffs' discrimination charges and complaint include claims based on disparate treatment, these claims are deemed abandoned. *See Palmer v. Marion County*, 327 F.3d 588, 597-98 (7th Cir. 2003)(claims not presented to the district court in response to summary judgment are deemed abandoned).

4

status. *Stutler v. Illinois Dept. of Corrections*, 263 F.3d 698, 703 (7th Cir. 2001). Whether harassment is sufficiently severe or pervasive depends on the totality of the circumstances, including "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Harris v. Forklift Systems, Inc.*, 510 U.S. 17, 23 (1993). The work environment cannot be described as hostile unless a reasonable person would find it offensive and plaintiffs actually perceived it as hostile. *Daniels v. Essex Group, Inc.*, 937 F.2d 1264, 1271 (7th Cir. 1993).

The record does not support a reasonable inference that plaintiffs perceived their work environment as hostile. Although plaintiffs' entire harassment claim is based on age-related comments, plaintiffs have not alleged their work environment was negatively affected by the comments. Indeed, the record does not reveal whether the comments bothered plaintiffs at all. In contrast, it is undisputed that plaintiffs did not complain about the comments to anyone at the Fairmont prior to filing their discrimination charges.[2] Despite numerous meetings with Billings about scheduling complaints, not one of the plaintiffs told him about the comments. Based on this record, a reasonable jury could not conclude that plaintiffs perceived their work environment to be hostile based on the comments.

Nor could a reasonable jury conclude that plaintiffs' work environment was objectively hostile. Whether plaintiffs' work environment objectively could be construed as hostile "should be judged from the perspective of a reasonable person in [plaintiffs'] position, considering 'all the circumstances.'" *Oncale v. Sundowner Offshore Services, Inc.*, 523 U.S. 75, 81 (1998). A workplace

---

[2] The Fairmont asserts plaintiffs' failure to utilize the complaint procedure in its workplace harassment policy bars their claims under the *Ellerth* affirmative defense. *See Burlington Industries, Inc. v. Ellerth*, 524 U.S. 742 (1998)(An employer is not vicariously liable for the actionable harassment of an employee if the employer exercised reasonable care to prevent or correct any harassing behavior and the employee unreasonably failed to take advantage of available preventative or corrective opportunities). However, the Fairmont waived this affirmative defense by failing to plead it in its answer. *Bank Leumi Le-Israel, B.M. v. Lee*, 928 F.3d 232, 235 (7th Cir. 1991).

5

must be "hellish" before it is actionable as a hostile environment. *Logan v. Kautex Textron North America*, 259 F.3d 635, 641 (7th Cir. 2001).

Plaintiffs' work environment was far from "hellish." According to plaintiffs, they each were subjected to between one and seven age-related comments over approximately six or seven months. *See Baskerville v. Culligan Int'l Co.*, 50 F.3d 428, 430-31 (7th Cir. 1995)("handful of comments spread over months" are not sufficiently pervasive to constitute harassment). The comments were not so objectively offensive as to alter plaintiffs' conditions of employment. *See Silk*, 176 F.3d at 398 ("relatively isolated instances of non-severe misconduct will not support a claim of hostile work environment"). Based on the totality of circumstances, a reasonable jury could not conclude the comments endured by plaintiffs constituted an actionable hostile work environment. Therefore, plaintiffs' age discrimination claims fail as a matter of law.

## CONCLUSION

The Fairmont is entitled to judgment as a matter of law on all claims advanced by plaintiffs.

September 2, 2003

ENTER:

Suzanne B. Conlon
United States District Judge